UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HORIZON FINANCIAL MANAGEMENT, LLC<br><br>Plaintiff,<br><br>vs.<br><br>BON SECOURS CHARITY HEALTH SYSTEM, INC., BON SECOURS COMMUNITY HOSPITAL, GOOD SAMARATIN HOSPITAL OF SUFFERN, NY, and ST. ANTHONY COMMUNITY HOSPITAL,<br><br>Defendant. | Case No.: 7:24-cv-9049<br><br>**COMPLAINT** |

Plaintiff Horizon Financial Management, LLC. ("Horizon" or "Plaintiff"), as and for its Complaint against Defendants Bon Secours Charity Health System, Inc. ("BSCHS"), Bon Secours Community Hospital ("BSCM") Good Samaritan Hospital of Suffern, NY ("GSNY") and St. Anthony Community Hospital ("SACH") (collective "Defendants"), states and alleges as follows:

## PARTIES

1. Plaintiff Horizon is a limited liability company organized under the laws of the state Indiana, with its principal address located at 9980 Georgia Street, Crown Point, IN 46307. Of Horizon's six members, two live in Illinois and four in Indiana.

2. Defendants BSCHS, BSCM, GSNY SACH are all not-for-profit corporations registered in the state of New York with a shared registered address of 225 Lafayette Avenue, Suffern, NY 10901. Westchester Medical Center is the majority corporate member of Defendant BSCHS.

3. Defendant SACH is a hospital under the control of BSCHS and located at 15 Maple Avenue, Warwick, NY 10990.

## JURISDICTION

4. Jurisdiction is proper in New York, in this Court, because Plaintiff and Defendant because they entered into a contract that provided the following forum selection clause:

> Only the federal or state courts located in Westchester County, New York shall have jurisdiction to hear any dispute under this Agreement.

By entering into an agreement with the above referenced forum selection clause, Defendants consented to jurisdiction before this Court and likewise has sufficient contact with New York to allow for personal jurisdiction. Moreover, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and complete diversity of citizenship exists. Defendants are New York corporations located in New York and Horizon's members reside in Indiana, Illinois, and Wisconsin and are citizens thereto.

## FACTS

5. On or about May 1, 2016, Defendants entered into an agreement with Horizon. *See* Exhibit A - Agreement, attached hereto.

6. The Agreement provided that Horizon would be paid certain fees in exchange for its collection activities on accounts owed to Defendants.

7. Pursuant to the contract, Horizon provided the collection activities required of it, collecting amounts owed to Defendants.

8. Horizon provided invoices and statement setting forth the amounts due to it pursuant to the agreement.

9. To date, despite efforts to obtain full payment, there remains a balance due to Horizon in the amount of $333,825.53. *See* Exhibit B – letter to Defendants with invoice summaries.

## COUNT I
## BREACH OF CONTRACT

10. Plaintiff re-states and re-alleges paragraphs 1 through 9 herein.

11. Plaintiff and Defendants entered into a contract wherein Plaintiff provided Defendants with collection efforts on accounts owed to Defendants by their customers

12. Plaintiff performed the collection activity and routinely provided invoices to Defendants.

13. Defendants materially breached the terms of contract by failing to pay $333,825.53.

14. As a direct and proximate cause of Defendants' breach of contract, Plaintiff has suffered, and continues to suffer, damages.

15. Despite demand for payment, Defendants refused and failed to pay services as provided by Plaintiff.

## COUNT II
## SERVICES PROVIDED

16. Plaintiff re-states and re-alleges paragraphs 1 through 15 herein.

17. Plaintiff provided Defendants with collection activities as per the Agreement.

18. Plaintiff satisfied all conditions by providing the services to Defendants.

19. Defendants owe Plaintiff the sum of $333,825.53.

20. Despite due demand therefore, the $333,825.53 remains due and owing.

## COUNT III
## UNJUST ENRICHMENT

21. Plaintiff restates and re-alleges paragraphs 1 through 19 herein.

9589879v2

22. Plaintiff provided Defendants with collection activities.

23. Plaintiff satisfied all conditions by providing the services to Defendants.

24. Defendants materially breached the terms of those orders by failing to remit payment to Plaintiff in the amount of $333,825.53.

25. Defendants have been unjustly enriched to the detriment of Plaintiff by Defendants failure to reimburse Plaintiff and is therefore indebted to Plaintiff in the amount of $333,825.53.

WHEREFORE, Plaintiff requests the following relief:

1. For an award in its favor of $333,825.53, plus interest and costs, against Defendants; and

2. For such other and further relief as the court may deem just and equitable.

                                              MOSS & BARNETT

Dated: November 26, 2024        By: /s/ Michael T. Etmund
                                              Michael T. Etmund, Esq. (NY 5168331)
                                              150 South Fifth Street, Suite 1200
                                              Minneapolis, MN 55402
                                              Telephone: (612) 877-5269
                                              Facsimile: (612) 877-5050
                                              e-mail: Mike.Etmund@lawmoss.com
                                              **ATTORNEYS FOR PLAINTIFF**

9589879v2